[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO MODIFY SUPPORT
The parties to this action were divorced pursuant to a judgment of the Superior Court of New Jersey on December 14, 1989. Thereafter the parties moved to Connecticut and on May 30, 1990, the plaintiff filed the New Jersey matrimonial judgment with this court pursuant to section 46b-71 of the Connecticut General Statutes. That judgment provides that the plaintiff, father, shall pay $650.00 per month for the support of two minor children. CT Page 5816
On December 5, 1990, the defendant filed a motion to modify the judgment with respect to the support of the two minor children. The matter was referred to the undersigned and heard on May 24, 1991.
The movant urges the court to apply the child support guidelines pursuant to Public Act 90-188 and argues that this matter is within the purview of U.R.E.S.A. Sec. 46b-180 of the Connecticut statutes which provides that support orders may be modified "upon showing that such support order substantially deviates from the child support guidelines established pursuant to46b-215a."[1] There is no evidence that either party sought to enforce the New Jersey order of support in accordance with the provisions of "U.R.E.S.A." Conn. Gen. Stat. 46b-180 et seq. or whether this court has obtained jurisdiction pursuant to Sec. 46b-185 of that act. There certainly was no evidence that the support order was registered pursuant to 46b-198b Conn. Stat. which is a condition precedent to enforce the modification provisions under 46b-198c.
The court finds that the New Jersey decree was filed with this court pursuant to 46b-71(b) which clearly provides that said foreign judgment may be modified by this court, but that the "substantive law of the foreign jurisdiction shall be controlling." In the instant case the substantive law of the state of New Jersey is controlling, see Burton v. Burton,189 Conn. 129, 134 (1983).
Under New Jersey law, N.J.S.A. Sec. 2A: 34-23, support orders may be modified "as circumstances require." Other than evidence presented to this court that the present support orders are less than the amount as recommended under the Connecticut child support guidelines, the defendant did not offer any evidence which would justify a modification under New Jersey law.
The court therefore will deny the defendant's motion to modify the present orders of support in connection with the two minor children.
JOSEPH H. PELLEGRINO, J.